FILED

2007 Nov-30  PM 03:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TONDALAYA EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | _____ |
| **BOOKS-A-MILLION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT

---

### JURISDICTION AND VENUE

1.  This is a complaint for legal and equitable relief to redress violations by the defendant of the plaintiff's rights secured by the Constitution of the United States and by:

   a)  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.,

   b)  Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. § 1161 *et seq.*, ("COBRA") and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA);

1

    c)     The Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601, and

    d)     The Equal Pay Act ("EPA"), 29 U.S.C. Section 206 (d).

2.    Federal subject matter jurisdiction exists pursuant to:

    a)     28 U.S.C. §1331 and 1343(a)(3); and

    b)     28 U.S.C. § 1367.

3.    Plaintiff's claims arising under the laws of the State of Alabama are properly before this Court pursuant to 28 U.S.C. §1367, supplemental jurisdiction.

## PARTIES

4.    Plaintiff, Tondalaya Evans, (hereinafter "Evans"), is an African American female, and a resident citizen of Jefferson County, Alabama.

5.    Defendant, Books-A-Million, (hereinafter "BAM"), is an Alabama corporation, and at all times relevant to this Complaint, was doing business in Jefferson County, Alabama.  Defendant is an employer within the meaning of Title VII.

## NATURE OF ACTION

6.    Evans brings this action for unlawful employment practices and acts of intentional discrimination that occurred at BAM.

7.    This action is to redress grievances resulting from acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a policy and practice of discriminating against the plaintiff on account of her gender.

8.    Plaintiff also seeks back pay, front pay, compensatory, liquidated and punitive damages, where applicable.  Additionally, Plaintiff seeks injunctive relief, attorney's fees and costs.

## ADMINISTRATIVE PROCEDURES

9.    Within 180 days of learning of the acts of discrimination of which she complains, Evans filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), Charge No. 420-2007-02342, **(See attached Exhibit 1)**.

10.    Evans received a Notice of Right to Sue on September 4, 2007.  **(See attached Exhibit 2)**.

11.    All administrative prerequisites for filing suit have been satisfied and Evans is entitled to bring this action.

3

## STATEMENT OF FACTS

12.    Plaintiff is an African American female who began her employment at BAM in November 1997 as a full time Staff Accountant.

13.    Plaintiff began using the Payroll System Lawson from her first date of employment.

14.    In 2000, Plaintiff was promoted to the position of Payroll Manager.

15.    Since Plaintiff's employment date, she never received a negative performance rating and received raises and other performance based employment incentives.

16.    On August 29, 2006, Plaintiff was required to leave work on maternity leave to deliver her baby on August 30, 2006.  However, Plaintiff continued working from home with Defendant's permission as well as requirement.  Defendant purchased and provided Plaintiff a laptop computer to use from home with instruction that Defendant could not function without Plaintiff's continued contribution.

17.    In January 2007, Plaintiff was informed by her immediate supervisor, Sandi Meeks, that the old BAM payroll system would be converted to the newer and advanced Lawson Accounting System.

4

18.     In January and February 2007, Plaintiff was placed on the Lawson project team and attended all project meetings concerning the Lawson project.

19.     On March 13, 2007, Plaintiff was informed by a coworker that her current position of Payroll Manager was posted on the BAM internet job site as an available position.

20.     Upon inquiring as to why her position was posted, Plaintiff was informed by Sandi Meeks that the company wanted her to take a new position as Risk Manager.

21.     Plaintiff informed management that she was not interested in the new position but wanted to remain in her current position.

22.     On March 19, 2007 through March 23, 2007, Plaintiff was off work on vacation.

23.     On March 23, 2007, Plaintiff was called by Sandi Meeks, Director of Finance, and informed that her position of Payroll Manager had been filled by a male employee.  On information and belief, the male recipient is Caucasian.

24.     Plaintiff returned to work on March 26, 2007, and was informed that she had to train the new employee on the Lawson system for four months before being allowed to move into the new position of Risk Manager.

25.     Plaintiff was also told that she would not receive a job description for the position of Risk Manager until after she had trained the new employee.

26.     On March 27, 2007, Plaintiff was terminated without notice or provocation and offered a severance package which stated that she would release any and all claims against BAM and not sue the company for any reason.  Plaintiff declined the package and was terminated.

27.     Plaintiff was not paid her accrued bonus upon termination and has subsequently learned she was paid less than male employees with the same job duties and responsibilities.

28.     Additionally, after my termination, Plaintiff was provided no COBRA information so as to continue her health benefits.

## COUNT ONE

### TITLE VII GENDER DISCRIMINATION AND RETALIATION

29.     The Plaintiff adopts and realleges 1-28 as if fully recited here.

30.     This is a claim against defendant for the intentional discrimination against the Plaintiff because of her gender in violation of Title VII.

31.     Plaintiff is female and is therefore a member of a protected class.

32.     When Plaintiff was employed by defendant, her work was always deemed satisfactory and her evaluations were above average.

6

33.    Plaintiff's gender was a motivating factor in the defendant's decision to pay male employees more than female employees.

34.    Female employees of BAM are treated differently and paid less in comparison to their male counterparts due to their gender.

35.     As a proximate result of defendant's unlawful intentional discrimination, Plaintiff suffered financial loss, economic loss, loss of employment, shame, humiliation, emotional distress and trauma.

36.    Plaintiff seeks declaratory and injunctive relief, award of lost employment and career benefits and wages, back pay, front pay, interest, compensatory damages for loss of career opportunity, humiliation and embarrassment, mental anguish, costs, attorneys' fees, punitive damages and any and all such other relief the trier of fact may assess.

## COUNT TWO

### COBRA AND ERISA VIOLATIONS

37.    Plaintiff adopts paragraphs 1-36, above, as if set out in full herein. There existed an employer-employee relationship between Plaintiff and Defendant.

38.    Defendant is liable to Plaintiff for an amount calculated pursuant to ERISA, § 502(c)(1) on a daily basis from the date they should have provided COBRA notice to her to the date, if any, that it cancelled her COBRA notice.

39.    Defendant was Plaintiff's employer and a plan sponsor of a group health insurance plan and employed more than 20 employees at all relevant times.

40.    Plaintiff participated in Defendant's group health insurance plan.

41.    Upon Plaintiff's termination, Plaintiff made known her intent to exercise her rights pursuant to the Consolidated Omnibus Budget Reconciliation Act (COBRA) 29 U.S.C. § 1162 et seq.

42.    As a result of Defendant's unlawful actions, Plaintiff was caused to be without insurance.

43.    Defendant failed to give proper written notice to Plaintiff of her COBRA rights and the cancellation of her insurance coverage.

44.    Plaintiff seeks legal penalties, costs and taxes up to the maximum allowed by law, including, but not limited to, prejudgement interest, attorney fees, costs and any and all such other relief this Court or the trier of fact may assess.

## COUNT THREE

### FAMILY AND MEDICAL LEAVE ACT

45.    Plaintiff realleges paragraphs 1-44, as if fully set out herein.

46.    This is a claim to redress unlawful employment practices in violation of the Family and Medical Leave Act conducted by BAM, its agents, and employees, and ratified by BAM.

8

47.    Plaintiff requested to take FMLA during her pregnancy but was informed that the company needed her to work from home and purchased her a laptop so that she could accomplish this task.

48.    Plaintiff took one day to deliver her baby and therefore, worked from home using her laptop and essentially never missed but one day of work during her leave.

49.    As a proximate result of BAM's unlawful and unconstitutional conduct, Plaintiff suffered the following injuries:  different terms and conditions of employment, severe emotional distress, mental anguish, trauma and embarrassment, loss of her employment, financial loss, inconvenience and damage to her professional reputation and standing.

50.    Plaintiff seeks declaratory and injunctive relief, reinstatement, award of lost employment benefits and wages, back pay, front pay, compensatory damages, liquidated damages, costs, attorney fees, and any and all such other relief the trier of fact may assess.

## COUNT FOUR

### EQUAL PAY ACT

51.     The plaintiff adopts and realleges 1-50 as if fully recited here.

52.     The plaintiff is female and a member of a protected group.

53.     The plaintiff has been paid lower wages than her male counterpart in violation of the Equal Pay Act of 1963.  The plaintiff has access to information which reflects she is paid less than similarly situated male employees who are performing substantially the same work with the same education, skill and tenure.

54.     The basis for the plaintiff's pay rate being less than the similarly situated male with similar jobs, workload and seniority is based on the plaintiff's gender in violation of the Equal Pay Act of 1963.

55.     This disparate treatment was caused by purposeful, willful, or intentional discrimination.

56.     As a proximate result of BAM's unlawful intentional discrimination, the plaintiff has suffered financial loss, economic loss, loss of employment, shame, humiliation, emotional distress and trauma.

57.     Plaintiff seeks declaratory and injunctive relief, award of lost employment and career benefits and wages, back pay, front pay, interest, compensatory damages for loss of career opportunity, humiliation and

embarrassment, mental anguish, costs, attorneys' fees, punitive damages and any and all such other relief the trier of fact may assess.

## COUNT FIVE

## RETALIATION

58.   The Plaintiff adopts and realleges 1-57 as if fully recited here.

59.   There existed an employer-employee relationship between the Plaintiff and Defendant.

60.   Plaintiff exercised her statutory rights by complaining to Defendant about gender and race discrimination and the hostile environment she was caused to work in.  Thereafter, Plaintiff was subjected to intentional harassment and retaliation by Defendant.

61.   Thereafter Plaintiff suffered adverse employment actions that were causally related to Plaintiff exercising her statutory rights.  The retaliatory actions by Defendant would have dissuaded a reasonable employee from coming forward and complaining about discrimination and harassment.

62.   As a proximate result of Defendant's retaliatory conduct, Plaintiff has suffered financial loss, economic loss, loss of employment, shame, humiliation, emotional distress and trauma.

63.    Plaintiff seeks declaratory and injunctive relief, award of lost employment and career benefits and wages, back pay, front pay, interest, compensatory damages for loss of career opportunity, humiliation and embarrassment, mental anguish, costs, attorneys' fees, punitive damages and any and all such other relief the trier of fact may assess.

## COUNT SIX

## DEFAMATION

64.    Evans adopts and realleges 1-63 as if fully recited here. This is a claim arising under the laws of the State of Alabama prohibiting defamation.

65.    Doug Markham defamed Evans by falsely stating that she had resigned from BAM for "family reasons" and stating that she failed to show up for work and relaying these reasons to employees of BAM, as well as the Alabama Department of Industrial Relations, in an attempt to prevent Plaintiff from collecting her unemployment.

66.    Evans was subjected to negative publicity with her peers because of Markham's accusations.

67.    Such unlawful actions proximately caused Plaintiff to suffer severe emotional distress, mental anguish, trauma and embarrassment, financial loss and

the inability to secure employment within her community.  Further, Plaintiff's reputation was tarnished as a result of Defendant's acts of defamation.

68.     The plaintiff seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, compensatory and punitive damages for loss of  career opportunity, humiliation and embarrassment, mental anguish; and costs, attorneys' fees and any and all such other relief the trier of fact may assess.

## COUNT SEVEN

### LIBEL AND SLANDER

69.     Evans adopts and realleges 1-68 as if fully recited here.  This is a claim arising under the laws of the State of Alabama prohibiting libel and slander.

70.     Doug Markham libeled and slandered Evans by falsely accusing her of resigning from the company for "family reasons" and stating that she failed to show up for work and relaying these comments to her coworkers, as well as the Alabama Department of Industrial Relations, in an attempt to prevent Plaintiff from collecting her unemployment.

71.     Evans was subjected to negative publicity with her peers because of Markham's accusations.

72.     Such unlawful actions proximately caused Plaintiff to suffer severe emotional distress, mental anguish, trauma and embarrassment, financial loss and the inability to secure employment within her community.

73.     The plaintiff seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, compensatory and punitive damages for loss of career opportunity, humiliation and embarrassment, mental anguish; and costs, attorneys' fees and any and all such other relief the trier of fact may assess.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully requests this Court:

A)     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging further in its discriminatory treatment on the basis of gender and race.

B)     Order Defendant to institute and carry out policies, practices and programs which provide equal provisions and employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices, including implementing a policy against race and gender discrimination in the work place and against retaliation for engaging in protected activities;

14

C)      Order Defendant to make Plaintiff whole by providing appropriate front pay with prejudgment interest, back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory damages, punitive and liquidated damages.

D)      Award the Plaintiff compensatory, punitive and liquidated damages;

E)      Award the Plaintiff her costs and expenses herein, including a reasonable attorney fees; and,

F)      Award such other and further relief which this Court deems necessary and proper.

Respectfully submitted,

Alicia K. Haynes
ASB-8237-E23A

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama   35226
(205) 879-0377

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

15

Alicia K. Haynes

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**

**<u>DEFENDANTS ADDRESS:</u>**
Books-A-Million, Inc.
402 Industrial Lane
Birmingham, AL  35211

**<u>PLAINTIFF'S ADDRESS:</u>**
Ms. Tondalaya Evans
c/o Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226