FILED
2009 Apr-14 AM 10:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TONDALAYA EVANS,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| v. | ) | **2:07-cv-02172-JEO** |
| | ) | |
| **BOOKS-A-MILLION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S DECLARATION SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Books-A-Million ("BAM"), pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, and moves this Court to strike portions of the Declaration of Tondalaya Evans, submitted in her Evidentiary Material offered in Opposition to Defendant's Motion for Summary Judgment. As grounds for this Motion to Strike, Defendant states as follows:

I.  **Portions of Plaintiff's Declaration are due to be stricken because it contains conclusory allegations, speculation, and conjecture that lack any foundation.**

Rule 56(e) of the Federal Rules of Civil Procedure provides that an affidavit "shall be made on personal knowledge, set forth such facts as would be admissible in evidence and shall show affirmatively that the

affiant is competent to testify to the matters related therein." The Eleventh Circuit has consistently held that conclusory allegations without specific facts to support such allegations have no probative value. <u>Cornelius v. Home Comings Financial Network, Inc</u>. 293 Fed. Appx. 723, 728 (11th Cir. 2008) (citing <u>Evers v. General Motors Corp.</u>, 770 F.2d 984, 986 (11th Cir. 1985)). "Because affidavits proffered in support of a motion for summary judgment must be based upon personal knowledge, an affidavit based upon 'information and belief' is insufficient as a matter of law." <u>White v. Wells Fargo Guard Servs.</u>, 908 F. Supp. 1570, 1577 (M.D. Ala. 1995) (citations omitted); <u>Story v. Sunshine Foliage World, Inc.</u>, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000) (mandating that affidavits containing conclusory allegations unsupported by specific facts or those not based on personal knowledge are due to be stricken). The following portions of Plaintiff's Declaration are due to be stricken because they contain conclusory allegations, speculation, and conjecture that lack any foundation:

    1.    In paragraph 2 of her Declaration, Plaintiff states that "Males with less experience in the finance department of the company that were managing only one department were making more money than me." Plaintiff's characterization of unidentified male managers as having "less

experience" is conclusory, speculative and lacks any foundation to support it. In fact, Plaintiff testified in her deposition that she did not know the job responsibilities, work experience or educational background of any of her comparators. Plaintiff at 50:01-54:05. Plaintiff's blatant speculation is therefore due to be stricken.

    2.    In paragraph 2 of her Declaration, Plaintiff further states that males "were able to advance more quickly financially that I was." Plaintiff again offers no facts in support of this conclusion about some unidentified males. This statement is conclusory, speculative and lacks any foundation in the record, and it is therefore due to be stricken.

    3.    In paragraph 2 of her Declaration, Plaintiff also states that "Dickson could not perform his job." Plaintiff's personal opinion as to Dickson's job performance is conclusory and lacks any foundation to support it. It is therefore due to be stricken.

    4.    In paragraph 6 of her Declaration, Plaintiff further states that she "was already at a disadvantage in hiring." This statement is conclusory and lacks any foundation in the record. This statement is due to be stricken.

    5.    In paragraph 30 of her Declaration, Plaintiff states that "[s]he knew from this that my career path was payroll." Plaintiff's statement is

pure speculation as to what someone else "knew." Such speculation is due to be stricken from the record.

6.  Paragraph 45 of Plaintiff's Declaration is due to be stricken in its entirety.  This paragraph consists of nothing more than Plaintiff's speculation as to the plans and intentions of others and unsupported hearsay evidence.  Speculative statements that are lacking any foundation in the record and hearsay evidence are due to be stricken.

7.  In paragraph 50 of her Declaration, Plaintiff states her belief that the decisions made by BAM with respect to her employment were "gender based."  This statement is due to be stricken as it is an impermissible legal conclusion.  Dickerson v. Donald, 252 Fed. Appx. 277, 280 (11th Cir. 2007) ("legal conclusions, evidence not admissible at trial, and conclusory allegations are all insufficient" to raise a genuine issue of fact) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)).

8.  In paragraph 50 of her Declaration, Plaintiff further states her belief that "[t]he position was provided to me only to set me up for failure." Plaintiff's personal opinion is conclusory, speculative and lacks any foundation in the record, and is therefore due to be stricken.

II. **Portions of Plaintiff's Declaration are due to be stricken because they directly refute portions of Plaintiff's sworn deposition testimony.**

It is the law in this circuit that "a party cannot give "clear answers to unambiguous questions" in a deposition and thereafter raise an issue of material fact in a contradictory affidavit that fails to explain the contradiction. <u>Shirley v. Mitsubishi Motors Corp.</u>, 2005 U.S. Dist. LEXIS 46040 at *12 (N.D. Ala. Oct. 25, 2005) (citing <u>Van T. Junkins and Assocs. v. U.S. Indus., Inc.</u>, 736 F.2d 656, 657 (11th Cir. 1984)).  When this occurs, the court may disregard the affidavit as a sham.  <u>Id</u>.

1. In paragraph 32 of her Declaration, Plaintiff states that when asked why her job was ending, Tice "told me to see Sandi Meeks."  This testimony is in conflict with Plaintiff's sworn deposition testimony wherein she testified that Tice stated "don't worry, we've got something in store for you."  Plaintiff's Deposition at 74:15-22.  This Declaration statement is due to be stricken.

III. **Portions of Plaintiff's Declaration are due to be stricken because they contain hearsay.**

Under the Federal Rules of Evidence, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted." FED. R. EVID. 801.  "The general rule is that inadmissible hearsay 'can not be

5

considered on a motion for summary judgment.'" Macuba v. Deboer, 193 F.3d 1316, 1322-23 (11th Cir. 1999) (citations omitted); see also Pritchard v. Southern Co. Servs., 92 F.3d 1130, 1134 (11th Cir. 1996), cert. denied 520 U.S. 1274 (1997) (determining that plaintiff's statements constituted inadmissible hearsay and thus could not be used to defeat the defendant's motion for summary judgment); Powers v. CSX Transport, Inc., 97 F. Supp. 2d 1297, 1308 n.1 (S.D. Ala. 2000) (granting defendant's motion to strike unauthenticated documents containing hearsay). The following portions of Plaintiff's Declaration are due to be stricken because they contain hearsay for which there is no listed exception:

    1.    In paragraph 20 of her Declaration, Plaintiff states that 'Steve Johnson, programmer, expressed his frustration to me about Meeks lack of knowledge of payroll and her not being available to get anything done." This statement is due to be stricken because it is an out-of-court statement offered to prove the truth of the matter asserted. This statement is further due to be stricken as irrelevant and immaterial.

    2.    In paragraph 21 of her Declaration, Plaintiff states that "Steve Johnson and Kevin Brooks expressed to me many times how they felt that Sandi Meeks dropped the ball on the project from the beginning." This statement is due to be stricken because it is an out-of-court statement

offered to prove the truth of the matter asserted.  Furthermore, Johnson and Brooks opinions of Meek's job performance is immaterial and irrelevant and therefore due to be stricken for that reason.

      3.     In paragraph 35 of her Declaration, Plaintiff states that "Dee Dee Cogan, LAWSON consultant, told me that she wanted to place me on the conversion team because I had the most knowledge and provided her with the most information."  This statement is due to be stricken because it is an out-of-court statement offered to prove the truth of the matter asserted.  This statement is further due to be stricken as irrelevant and immaterial.

      4.     Paragraph 44 of Plaintiff's Declaration is due to be stricken in its entirety as unsupported hearsay.

      5.     In paragraph 45 of her Declaration, Plaintiff states that "I later learned that Sheryl Roberts, HR Manager, told colleagues that Sandy Meek's plan was for me to train the new payroll person and help with the LAWSON project."  Any such comments made by Roberts and now offered by Plaintiff are inadmissible double hearsay and due to be stricken.

For the foregoing reasons, Defendant BAM requests that the Court strike the inadmissible portions of the Declaration of Tondalaya Evans, specifically identified above.

Respectfully Submitted,

s/Albert L. Vreeland, II
Albert L. Vreeland, II ASB-0066-V78A
avreeland@lehrmiddlebrooks.com

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
(205) 326-3002
Fax: (205) 326-3008

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2009, I electronically filed the foregoing with the U. S. District Court, Northern District of Alabama, which will electronically serve the following counsel of record:

Alicia K. Haynes, Esq.
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL  35226

s/Albert L. Vreeland, II
OF COUNSEL

228507