# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TONDALAYA EVANS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No: CV 07-S-2172-S** |
| | ) |
| **BOOKS-A-MILLION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This is an action in which the plaintiff, Tondalaya Evans ("Evans" or the "plaintiff"), asserts federal claims against Books-A-Million ("the defendant" or "BAM") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and Alabama state law claims against the same defendant for defamation, libel, and slander. The case was referred to Magistrate Judge John Ott, pursuant to 28 U.S.C. § 636(b), who subsequently filed a lengthy Report and Recommendation (doc. no. 25) in which he recommends that the court grant the defendant's motion for partial summary judgment(doc. no. 21),[1] and grant

---

[1] Defendant did not move for summary judgment on plaintiff's COBRA claim.

in part and deny in part the defendant's motion to strike portions of the plaintiff's deposition testimony (doc. no. 24). The matter now is before the undersigned on the objections filed by the plaintiff's counsel to the magistrate judge's Report and Recommendation. (Doc. no. 27).

## DISCUSSION

Although the Report and Recommendation clearly states that "[w]ritten objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection," the plaintiff's counsel oftentimes complains in general fashion about the magistrate judge's findings,[2] and does not direct her objections to specific claims.[3] Nonetheless, the court will attempt to address her objections as specifically as possible.

### The Risk Manager Reassignment Claim

The plaintiff first objects to the magistrate judge's findings regarding the "secret reorganization" of her original position. (Doc. no. 27 at 2-3). The court

---

[2] For instance, the plaintiff objects that there are factual disputes that the magistrate judge ignored or construed in favor of the moving party." (Doc. no. 27 at 1). She further states that the magistrate judge "did not view the evidence presented in the light most favorable to the nonmovant. However, the court went even further and created explanations to excuse the defendant's discriminatory conduct and established facts that were not supported by the evidence." (*Id*. at 2).

[3] For instance, the plaintiff states that "the court should have found sufficient evidence from which a jury could have determined that Defendant's stated reasons for its secret reorganization were merely attempts to cover up discrimination against Plaintiff, a higher management official." (Doc. no. 27 at 2).

assumes that the plaintiff is referring to the magistrate judge's discussion of the Title VII claim classified by the plaintiff as either a "failure to promote" or "failure to transfer" claim, in which the plaintiff complains that she was not allowed the opportunity to stay in her previous position.[4] As the magistrate judge points out, this claim was not included in the plaintiff's complaint, and is not even properly before the court. (*See* doc. no. 25 at 19 n.21). Even if the claim had been properly raised, the plaintiff simply did not show either that her new job assignment, or her inability to stay in her previous job position, was an "adverse employment action," which she must do in order to establish a claim of discrimination. As the magistrate judge pointed out numerous times in his report and recommendation, the plaintiff's subjective opinion that the transfer was "adverse" is not relevant to the court's analysis. Instead, the court must evaluate the transfer objectively, and the court simply does not find that a reasonably objective person would consider the plaintiff's transfer to the risk management position adverse under the circumstances.

Indeed, the plaintiff's arguments are based entirely upon her subjective feelings about the defendant's actions. She fails, however, to establish any objective

---

[4] The magistrate judge addresses the plaintiff's allegations about the reorganization in both the Title VII gender discrimination context (doc. no. 25 at 19-22) and the retaliation context (doc. no. 25 at 28-32). However, because the plaintiff does not object to the magistrate judge's finding that she did not engage in any statutorily protected activity that might serve as a basis for the defendant's retaliation against her, the court presumes that she objects only to the magistrate judge's findings on the gender portion of her claim, to the extent one exists.

legal basis on which the court could find that the defendant's conduct constitutes actionable discrimination.  Although the plaintiff attempts to shift the court's focus to the defendant's justification for its reorganization and all the reasons that she find it to be inadequate, absent the establishment of a *prima facie* case, the defendant's motivations or the plaintiff's opinion regarding the same are not dispositive.[5] Throughout her objections, the plaintiff consistently glosses over the legal inadequacies of her discrimination claims with accusations of unfairness and a focus on immaterial facts.  The court's task, however, is to ascertain whether the plaintiff has sufficiently cleared legal hurdles and established a *prima facie* case of discrimination.  The plaintiff simply falls short.

## The Bonus Claim

The plaintiff next objects to the magistrate judge's analysis of her claims regarding the denial of a bonus.  Again, the plaintiff fails to make the court privy to

---

[5] The plaintiff further complains

> The Magistrate Judge further made no analysis regarding Robert Altheide being assigned to plaintiff [sic] position as Risk Manager when she was displaced from her payroll manager position that a male, Brian Hobby was awarded.  Altheide was awarded this new position and at a higher salary than the plaintiff.

(Doc. no. 27 at 4 of 10).  Although the court finds the plaintiff's objection to be nonsensical, it also finds no reason why the magistrate judge would have discussed Altheide as he was not hired by BAM until several months after the plaintiff's termination.  As such, the court simply cannot fathom how his placement in a position she refused could possibly amount to discrimination.

the legal theory on which she bases her claims, and she thoroughly confuses the issues. As with the plaintiff's claims regarding the reorganization, the magistrate judge analyzed the bonus claims in more than one section of his report and recommendation — specifically the EPA section (doc. no. 25 at 10-12, 15-16),[6] the Title VII section (doc. no. 24 at 22), and the retaliation section (doc. no. 25 at 27-28 — presumably because the plaintiff lumped the allegations together in overlapping claims rather than delineating clearly defined claims.

In her objections, the plaintiff conflates bits and pieces of two separate sections of the magistrate judge's analysis in what appears to be an effort to confuse this court. For example, in the magistrate judge's discussion of the retaliation claim, he correctly finds that the plaintiff failed to show that she engaged in any protected conduct. (Doc. no. 25 at 27-28). He then goes on to say that without that element of the plaintiff's *prima facie* case, no actionable retaliation claim exists, regardless of the defendant's motivation behind its decision. Specifically, the magistrate judge wrote:

> The court finds that the plaintiff has failed to offer any evidence that she engaged in any protected activity. The plaintiff's vague complaints about unfairness do not rise to the level of protected activity. The plaintiff never told anyone that she thought her transfer to Risk Manager

---

[6] In the EPA section, the magistrate judge found that the plaintiff's proffered evidence, a list of "partial year" employees that received a bonus, failed to establish any valid comparators as nothing on that list indicated that the partial year employees were not employed on the date the Audit Committee met. (Doc. no. 25 at 15-16). The plaintiff does not attempt to refute that finding in her objections.

was discriminatory. While Tice may have hurried the plaintiff's termination paperwork through so that she would have not been employed on the date the Audit Committee approved the financial statements so that the plaintiff would not be entitled to her bonus, absent a showing that such a decision was retaliation for some protected activity (*e.g.* complaints of discrimination) his conduct is simply not actionable retaliation.

(*Id*.) In her objections, the plaintiff points to that portion of the magistrate judge's findings and argues as follows:

The court is creating an impossible standard in requiring that one has to show "absent that such a decision was retaliation." One way a plaintiff proves retaliation is through circumstantial evidence . . . . the court is requiring the plaintiff to step inside the mind of the supervisor and prove he had no retaliatory or discriminatory intent when he made the decision to terminate Plaintiff two days before her bonus and after sending an email asking for the Plaintiff's age and the amount of her bonus.

(Doc. no. 27 at 6-7). This argument is a clear example of the plaintiff's confusion of the legal issues. While the court agrees that a plaintiff may prove retaliation through circumstantial evidence, absent protected activity, the plaintiff's retaliation claim must fail.[7]

Likewise, the magistrate judge correctly found that the plaintiff failed to show

---

[7] In her objection, the plaintiff implies that the magistrate judge found that Tice did, in fact, hurry the termination paperwork through so that she would not be employed on the day the Audit Committee met so that she would not receive her bonus. The magistrate judge made no such finding. He merely set forth a hypothetical to underscore the point that the plaintiff's retaliation claim would fail regardless of any discriminatory evidence she set forth because she utterly failed to show that she engaged in any type of protected activity. The plaintiff's effort to apply that statement to her gender discrimination claim is received as disingenuous and as an effort to confuse this court.

that the denial of her bonus amounted to gender discrimination.  The plaintiff's accusation that the magistrate judge "wrongfully cited to *BAM's policy* in supporting its decision that Plaintiff was not entitled to a bonus . . . [when] [t]he undisputed evidence was that *there was no policy*" (doc. no. 27 at 7 (italics in original)) is without merit.  The record is replete with testimony about BAM's policy regarding bonuses, and the plaintiff has offered no evidence of any situation in which BAM has not followed that policy.  Regardless, the undisputed testimony establishes that the plaintiff was only terminated because she refused to accept the position that BAM offered her.  She was given the opportunity to think about her decision for several days and refused. (Meeks' Dep. at 47, 133-134;[8] Plaintiff's Dep. at 87-90, 94, 96;[9] Tice Decl. at ¶¶ 7-9[10]).

## CONCLUSION

The court has considered the entire file in this action, together with the magistrate judge's Report and Recommendation and the plaintiff's objections, and has reached an independent conclusion that the Report and Recommendation is due

---

[8] Meeks' deposition is located at document 19-7 in the electronic filing system.  It is also referenced as "Exhibit C" in the defendant's evidentiary submission (doc. no. 19).

[9] The plaintiff's deposition is located at document 19-2 in the electronic filing system.  It is also referenced as "Exhibit B" in the defendant's evidentiary submission (doc. no.19).

[10] Tice's declaration is located at document 19-1.  It is also referenced as "Exhibit A" in the defendant's evidentiary submission (doc. no. 19).

to be adopted and approved. Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accordance with the recommendation, BAM's motion to strike (doc. no. 24) is due to be granted in part and denied in part and BAM's motion for partial summary judgment (doc. no. 17) is due to be granted. An appropriate order will be entered.

      DONE this 22nd day of September, 2010.

                                                      /s/ Lynwood Smith
                                          United States District Judge