# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TONDALAYA EVANS,    )<br>                     )<br>   Plaintiff,      )<br>                     )<br>vs.                  )<br>                     )<br>BOOKS-A-MILLION,     )<br>                     )<br>   Defendant.       )  | Civil Action No. CV-07-S-2172-S |

## MEMORANDUM OPINION

This case is before the court on a motion by plaintiff, Tondalaya Evans, to alter or amend the memorandum opinion and judgment entered on October 29, 2012.[1] Plaintiff objects to the amount of her attorneys' fees award.[2] The court reduced the amount of that fee award when it perceived that plaintiff had opportunistically taken inconsistent positions during litigation regarding the length of the statutory penalty that should be imposed for a violation of the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 *et seq*.[3] Plaintiff contends that the court erroneously found that she took inconsistent positions and, therefore, no grounds for reducing the fee award existed.[4]

---

[1] Doc. no. 53 (Motion to Alter or Amend).

[2] *Id.* at 7, 11.

[3] *See* doc. no. 51 (Memorandum Opinion entered Oct. 29, 2012), at 16-20, 47-49, 51-52.

[4] Doc. no. 53 (Motion to Alter or Amend), at 1-2, 4-5, 7, 11. Plaintiff also argues that the court incorrectly applied the doctrine of judicial estoppel, and that the court's reduction of attorneys'

## I. LEGAL STANDARDS

A motion to alter or amend a judgment is governed by Federal Rule of Civil Procedure 59(e). That Rule states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff complied with that deadline: the court entered its judgment on October 29th, and plaintiff filed her motion the following day.[5]

Rule 59(e) is silent regarding the substantive grounds for a motion to alter or amend. Even so, courts have identified three circumstances that may justify granting such motions: (1) an intervening change in controlling law; (2) newly available evidence; and (3) the need to correct clear errors of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *In re Kellogg*, 197 F.3d 1116, 1120 (11th Cir. 1999); *Insituform Technologies, Inc. v. Americk Supplies, Inc.*, 850 F. Supp. 2d 1336, 1349 (N.D. Ga. 2012); *Sussman v. Salem, Saxon & Neilsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The present motion implicates only the last ground described.

## II. DISCUSSION

This court entered a memorandum opinion and judgment on October 29, 2012, following a bench trial. The sole issue at trial was whether defendant, Books-A-

---

fees as a Rule 11 sanction did not meet the requirements of that Rule.

[5] *See* doc. no. 51 (Memorandum Opinion entered Oct. 29, 2012); doc. no. 52 (Judgment entered Oct. 29, 2012); doc. no. 53 (Motion to Alter or Amend).

Million, violated the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 *et seq*. ("COBRA"), by failing to notify plaintiff of her statutory rights after defendant terminated plaintiff's employment.[6] The court concluded that defendant did violate COBRA, and then set about determining the appropriate length and amount of the statutory penalty.[7]

The court ultimately determined that the COBRA penalty period ended eighteen months after plaintiff's termination.[8] A similar ending date had been endorsed in two Eleventh Circuit opinions: *i.e., Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223 (11th Cir. 2002); and *Wright v. Hanna Steel Corp.*, 270 F.3d 1336 (11th Cir. 2001).[9] Notably, plaintiff does not challenge the penalty period end-date. In fact, her motion to alter or amend twice affirms that the duration of the penalty is committed to the discretion of the trial court.[10]

In addition to relying on *Scott* and *Wright*, this court also noted that "both parties agree that the eighteen-month period during which COBRA coverage could

---

[6] *See* doc. no. 51 (Memorandum Opinion entered Oct. 29, 2012), at 1-2; Trial Tr. 3-5, Aug. 27, 2012.

[7] *See* doc. no. 51 (Memorandum Opinion entered Oct. 29, 2012), at 4-15.

[8] *Id.* at 25.

[9] *Id.* at 23-24.

[10] *See* doc. no. 53 (Motion to Alter or Amend), at 3 ("Because the duration of the penalty is left to the sound discretion of the Court . . .".) & n.1 ("[T]he end date is left to the discretion of the court.").

have continued provides a permissible cut-off date."[11] That observation was based on two facts. First, *defendant* claimed that an end-date eighteen months from the date of plaintiff's termination would set an appropriate outer limit for the penalty period.[12] Second, even though *plaintiff's* post-trial brief contended that the end-date should be the date of trial,[13] this court — applying the doctrine of judicial estoppel — found that plaintiff had previously argued for an eighteen-month penalty period.[14] Specifically, the court read plaintiff's *pre-trial* list of damages as arguing that the penalty period should cease eighteen months after the date of plaintiff's termination.[15] Thus, the court viewed plaintiff as having taken inconsistent positions when her *post-trial brief argued that the end-date should be the date of trial*.[16] Moreover, because the perceived change in plaintiff's position occurred "only after the conclusion of trial, *and after the court orally indicated that it would rule in plaintiff's favor*," the court felt that plaintiff was attempting to "game the judicial system."[17] Consequently, the court reduced plaintiff's fee award by one-half as a Rule 11 sanction.[18]

---

[11] Doc. no. 51 (Memorandum Opinion entered Oct. 29, 2012), at 20.

[12] Doc. no. 48 (Defendant's Post-Trial Brief), at 4-5.

[13] Doc. no. 43 (Plaintiff's Post-Trial Brief), at 6-7.

[14] Doc. no. 51 (Memorandum Opinion entered Oct. 29, 2012) at 17-20.

[15] *Id.* at 17 (quoting doc. no. 37 (Plaintiff's List of Damages), at 6.).

[16] *Id.* at 19; *see* doc. no. 43 (Plaintiff's Post-Trial Brief), at 15.

[17] Doc. no. 51 (Memorandum Opinion entered Oct. 29, 2012) at 17, 48-49 (emphasis in original).

[18] *Id.* at 48-49.

A.     **Did Plaintiff Take Inconsistent Positions?**

Plaintiff argues that she did not take inconsistent positions regarding the end-date of the COBRA penalty period.[19] If that contention is correct, then the grounds for reducing the fees awarded to plaintiff's attorneys do not exist.[20] Because the issue before the court turns directly on what arguments plaintiff made, it is expedient to extensively quote from plaintiff's briefs.

The court relied upon the following passage from plaintiff's pre-trial list of damages as evidence that she initially argued for a penalty end-date of eighteen months after her termination.[21] Boldface emphasis has been placed on the parts upon which this court placed importance in reaching its conclusion.

> In *Rodriguez v. International College of Business and Technology, Inc.*, 364 F. Supp. 2d 40, 50 (D. Puerto Rico, 2005), the court discussed **the way to calculate the penalty**:

---

[19] Doc. 53 (Motion to Alter or Amend), at 3-7.

[20] Defendant opposes plaintiff's motion on two grounds, neither of which aid the court's resolution of the motion. First, defendant essentially regurgitates the reasoning expressed in the court's memorandum opinion. *See* doc. no. 54 (Defendant's Response to Motion to Alter or Amend), at 1-2. Of course, that argument assumes that the answer to the issue in question — namely, was the court's previous reasoning correct? — is "yes." Second, defendant urges the court to uphold the fee award reduction not as a Rule 11 sanction, but on the entirely independent ground that such a reduction justifiably accounts for plaintiff's limited success in this case. *Id.* at 2-3. That argument is not relevant to the issue presented by the instant motion. Moreover, the court already accounted for plaintiff's limited success when it initially reduced plaintiff's lodestar amount by two-thirds. *See* doc. 51 (Memorandum Opinion entered Oct. 29, 2012), at 46-47. The question now under consideration is whether a *further* reduction was warranted as a Rule 11 sanction, not whether the "lodestar adjustment" should be altered or amended.

[21] Doc. no. 51 (Memorandum Opinion entered Oct. 29, 2012), at 16-17.

5

> Statutory penalties are generally calculated from the last date on which the plan administrator could have sent notice **until the end of the continuation coverage period**. *See e.g.*, *Lloynd v. Hanover Foods Corp.*, 72 F. Supp. 2d 469 (D. De[l]. 1999). Further, the qualifying event should be calculated from the date of the occurrence of a status change which makes inevitable the loss of such coverage, even if the loss of coverage occurs sometime thereafter. *Gaskell v. Harvard Coop. Soc'y*, 3 F.3d 495, 499 (1st Cir. 1993). In the case at bar, the qualifying event occurred on June 18, 2003. From this date, International College had forty-four (44) days to notify Ceinos of his right to continue coverage under the group health plan. *See Gonzalez Villanueva v. Lambert*, 339 F. Supp. 2d 351, 358-59 (D. P.R. 2004). Therefore the clock began to tick on August 2, 2003, (the forty-fifth day after the qualifying event) **and stopped on** December 18, 2004, (**eighteen months after the qualifying event which constitutes the maximum period of continuation coverage allowed under COBRA**). This results in a total of five hundred and five (505) days that International College was in breach of its COBRA notification obligation, for a total statutory penalty of $40,400.00. Plaintiff is also awarded reasonable attorneys' fees and costs.[22]

That argument is contained within a section of the pre-trial list of damages entitled "The Penalty."[23]

The next section of plaintiff's pre-trial list of damages is entitled "Damages."[24] The first two paragraphs of that section discuss general principles of *compensatory*

---

[22] Doc. no. 37 (Plaintiff's List of Damages), at 6 (boldface emphases supplied).
[23] *Id.* at 3.
[24] *Id.* at 6.

damages,[25] which are different from the *punitive* damages assessed under the COBRA statute as a penalty. However, the final three paragraphs of the "Damages" section abruptly revert to a discussion of the statutory penalty, a topic already addressed in the section entitled "The Penalty".

> The reported decisions tend to award less than the maximum allowed by the statute. Mere oversight tends to get smaller amounts, while egregious conduct may justify amounts in the range of $50 or so.
> . . .
>
> In the case of *Evans*, because the Defendant had numerous opportunities to provide the Plaintiff with notice and they failed on every opportunity, then the penalty should be imposed at the maximum amount for every day since the notice was due **through the date of judgment**.
>
> **Based upon an estimated 1900 days**, we calculate that the total amount of the penalty is $209,000.[26]

Plaintiff's present argument is that this passage "set forth her [d]amages calculation"; thus, her damages calculation presented *before trial* was consistent with her damages calculation presented *after trial*.[27]

---

[25] *Id.* at 6-7.

[26] *Id.* at 7 (emphasis supplied).

[27] *Id.* at 3, 5-7; *see* doc. no. 43 (Plaintiff's Post-Trial Brief), at 15. Plaintiff notes that her post-trial brief adjusted the end-date to the date of trial, rather than the date of judgment (as her pre-trial brief argued). Doc. no. 53 (Motion to Alter or Amend), at 3. That change decreased, rather than increased, the amount of plaintiff's recovery. Thus, the court considers that change to be a good-faith adjustment by plaintiff. The question is whether plaintiff inconsistently (and improperly) attempted to *expand* the length of the penalty period once she knew how the court would rule after trial, not whether she should be sanctioned for a technical inconsistency that *reduced* the length of the penalty period.

After careful reconsideration of plaintiff's pre-trial list of damages, the court agrees that plaintiff did not argue for a penalty end-date of eighteen months from the date of her termination: *i.e.*, a period that was 506 days in length.  Although the organization of the plaintiff's pre-trial brief may have been inartful, and was certainly confusing to this reader, the court is persuaded that plaintiff did not initially seek an eighteen-month penalty period, only to switch positions in her post-trial brief.

The present reading is supported by the final section of plaintiff's pre-trial list of damages, entitled "**CONCLUSION**," which begins: "[a]s argued above, Plaintiff seeks damages under COBRA in the amount of $209,000."[28]  By referencing her argument on the previous page and the monetary amount sought therein, plaintiff made clear that she was not urging the court to set the penalty end-date in accordance with *Rodriguez v. International College of Business and Technology, Inc.*, 364 F. Supp. 2d 40 (D. P.R. 2005), as the court originally thought.  As plaintiff subsequently explained, her reference to *Rodriguez* in "The Penalty" section of her pre-trial list of damages was meant to inform the court how *some* courts had calculated the penalty, and *not* how she urged *this* court to calculate it.[29]  Consequently, the stated grounds for reducing plaintiff's attorneys' fee award do not exist, and plaintiff's motion to alter or amend the court's memorandum opinion and judgment is due to be granted.

---

[28] Doc. no. 37 (Plaintiff's List of Damages), at 8.

[29] Doc. no. 53 (Motion to Alter or Amend), at 5.

## III. CONCLUSION

For the reasons stated, plaintiff's motion to alter or amend the court's memorandum opinion and judgment is GRANTED. An amended judgment will be entered contemporaneously herewith.

DONE and ORDERED this 28th day of November, 2012.

_____
United States District Judge